'IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jamie Cozzi, )<br>)<br>      *Plaintiff*, )<br>)<br>      -*vs*- )<br>)<br>Sheriff of Cook County, Cook )<br>County, Illinois, Correctional Officer )<br>Franklin, and Correctional Officer )<br>Hughey, )<br>)<br>      *Defendants*. ) | No. _____<br><br>*(jury demand)* |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Jamie Cozzi was a detainee at the Cook County Jail in June of 2016. He is not currently confined in any jail, prison, or other correctional facility.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Defendant Cook County is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Correctional Officers Franklin and Hughey were at all times relevant acting under color of their authority as correctional officers employed by

the Sheriff of Cook County; plaintiff sues Franklin and Hughey in their individual capacities.

6. On June 29, 2016, plaintiff was assigned to a housing unit at the Cook County Jail known as Division 08 RTU Tier 4G.

7. Division 08 RTU Tier 4G is a dormitory setting, i.e., detainees are housed in one large room rather than in separate cells.

8. The policies and practices of defendant Sheriff require that detainees be screened for dangerousness and that extremely dangerous detainees are not to be assigned to housing units, such as Division 08 RTU Tier 4G, where they will be able to prey on non-dangerous detainees like plaintiff.

9. At some time before June 29, 2016, an employee or employees of defendant Sheriff, acting within the scope of their employment, assigned a detainee named Jerome Lawrence to Division 08 RTU Tier 4G.

10. The employee or employees who assigned Lawrence to Division 08 RTU Tier 4G knew, or reasonably should have known, that Lawrence is an extremely dangerous detainee who would prey upon the detainees properly assigned to that tier. Among relevant factors that these persons knew, or reasonably should have known, were the following:

> (a) Lawrence was at the Jail because he was facing 16 extremely serious charges, including murder, home invasion, and armed robbery;
>
> (b) Lawrence had previously been convicted of 10 felonies; and
>
> (c) Lawrence had previously escaped from an Arkansas Jail.

11. On June 29, 2016, Daniel Kozbiel, a detainee who was then assigned to Division 08 RTU Tier 4G, witnessed Lawrence stealing property of another detainee.

12. Kozbiel told defendant Officer Franklin and defendant Officer Hughey that he had witnessed Lawrence stealing.

13. Defendants Franklin and Hughey then told Lawrence that Kozbiel had snitched on him.

14. Later on June 29, 2016, after Kozbiel went to sleep, Lawrence took the cane of another inmate and used it to savagely beat Kozbiel.

15. Defendants Franklin and Hughey stood by as Lawrence beat Kozbiel and could have, but failed to, intervene.

16. Plaintiff attempted to protect Kozbiel; Lawrence then beat plaintiff with the cane.

17. Defendants Franklin and Hughey again stood by as Lawrence beat plaintiff and could have, but failed to, intervene.

18. Plaintiff suffered serious personal injuries from the beating, which was caused by one of more of the following:

    (a) The failure of a Sheriff's employee or employees to assign Lawrence to appropriate housing based on his dangerousness;

    (b) Defendant Franklin and defendant Hughey's act of informing Lawrence that Kozbiel had snitched on him;

    (c) Defendant Franklin and defendant Hughey's failure to properly secure the cane that Lawrence used as a deadly weapon; and

    (d) Defendant Franklin and defendant Hughey's failure to intervene once the beating began.

19. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the constitution of the United States and was harmed by the negligence of employees of the Sheriff for which defendant Sheriff of Cook County is liable under the doctrine of *respondeat superior*.

20. Plaintiff demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants, that appropriate punitive damages be awarded against defendants Franklin and Hughey, and that the costs of this action, including fees and costs, be taxed against defendants.

    /s/  Joel A. Flaxman
         Joel A. Flaxman
         ARDC No. 6292818
         Kenneth N. Flaxman
         200 S Michigan Ave, Ste 201
         Chicago, IL 60604
         (312) 427-3200

         *Attorneys for plaintiff*